USDC SCAN INDEX SHEET










JAH     1/12/99    13:49
3:98-CV-00885    SECURITY ASSETS V. AMERIWEST
*51*
*O.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY ASSETS CREDIT CORP., a California corporation and Sometimes doing business as FDIC MANAGEMENT FUND 37.5 M., <br><br> Plaintiff, <br><br> vs. <br><br> AMERIWEST ENTERPRIESE, INC., an Oregon corporation; WILLIAM M. EVANS, an individual; COLLINS FINANCIAL SERVICES, INC., a Texas corporation; and FOURSCORE RESOURCE CAPITAL, a Minnesota Limited Liability Company; WALTER COLLINS, an individual; ROGER KNAUF, an individual, <br><br> Defendant. | CASE NO. 98-CV-885 H (POR) <br><br> **Order Granting Motion to Determine Good Faith of Settlement** <br> **[Doc. # 41, 44, 47]** |

Defendants Collins Financial Services, Inc. and Walter Collins, an individual ("Collins defendants") and Fourscore Resource Capital and Roger Knauf ("Fourscore defendants") brought a motion to determine good faith of settlement in the above-entitled matter. No opposition to this motion has been filed by remaining defendants Ameriwest Enterprises, Inc. ("Ameriwest") or William M. Evans ("Evans") or by plaintiff Security Assets Credit Corp. ("Security Assets"). After considering the papers filed and the law, the court grants the motion of the Collins defendants and the Fourscore defendants, and finds the settlement to be in good faith.



## Background

This matter arises out of claims that plaintiff Security Assets, a professional debt collector, was defrauded in the purchase of a portfolio of credit card accounts. The portfolio totaled $39,499,375.20, and plaintiff purchased the portfolio for $592,490.02. Plaintiff purchased the portfolio from defendants Ameriwest and Evans, its principal. Ameriwest and Evans had purchased the portfolio from the Collins defendants and the Fourscore defendants, who in turn had acquired it from Colorado Capital Investments, Inc. ("Colorado") (not a named defendant in this action).

The Fourscore defendants and the Collins defendants attached to the contract with defendant Ameriwest a debt scrubber report, which indicated that the average account was last closed in May 1988 and that the accounts had "limited liquidity." (*Complaint*, Exh. A, B.) The Fourscore defendants and the Collins defendants disclosed to Ameriwest and Evans that the accounts in the credit card portfolio had been sent out for collection numerous times before. (*Declaration of Bruce Altschuld*, ¶ 3.)

Ameriwest and Evans sold the portfolio to plaintiff Security Assets. In the sales contract, Evans stated that the accounts in that portfolio had never been sent out for collection, and had an average last collection date of 1993. Plaintiff subsequently filed a complaint initiating the present action, alleging eight claims. Only one claim, that of Conspiracy to Defraud, was directed at the Collins defendants and the Fourscore defendants. All seven remaining claims were directed at Ameriwest and Evans. (*Complaint*, 7-13.)

On August 19, 1998, default was entered against defendants Ameriwest and Evans. On October 21, 1998, the Collins defendants, the Fourscore defendants and Colorado entered into a settlement agreement with plaintiff Security Assets for $235,000. The Collins defendants paid $35,000, while the Fourscore defendants and Colorado paid $200,000.

The Collins defendants and the Fourscore defendants bring this motion to determine the settlement was made in good faith. No opposition by the defaulting defendants or the plaintiff has been filed.

////

////

## Discussion

A federal court exercising diversity jurisdiction over a case must apply the substantive law of the state in which it sits. Erie R.R. v. Tompkins, 304 U.S. 64, 78-80 (1938). Because the instant action is based in diversity, this court will apply California law.

California Code of Civil Procedure section 877.6(a) provides for a hearing on the issue of the good faith of a settlement. In determining whether a settlement is in good faith, the court should consider "the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than if found liable after a trial." Tech-Built v. Woodward-Clyde, 38 Cal.3d 488, 499 (1985). Other relevant considerations include "the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Tech-Built, 38 Cal.3d at 499. Finally, practical considerations require that the evaluation be made on the basis of information available at the time of the settlement. Tech-Built, 38 Cal.3d at 499.

Evaluating the settling defendants' motion under the Tech-Built factors, the court finds the settlement was made in good faith. Only one of eight causes of action was directed at either the Collins defendants or the Fourscore defendants. Neither the Collins defendants or the Fourscore defendants directly represented the value of the credit card portfolio to the plaintiff. Both have submitted evidence in the form of a debt scrubber report that they accurately presented the true value of the portfolio to plaintiff Security assets, including its collection history and approximate liquidity. There has been no evidence presented showing the existence of any collusion or fraud on the part of the Collins defendants or the Fourscore defendants. No insurance policy covers any of the alleged damages in this action. Thus, it appears the liability of the Collins defendants and the Fourscore defendants is probably low when compared to Ameriwest and Evans.

/ / / /

/ / / /

/ / / /

/ / / /

The only guideline to plaintiff's approximate recovery is the purchase price of the portfolio, $592,490.02. Plaintiff collected approximately $100,000 from Colorado before initiating the lawsuit. (*Collins Defendants' Brief* at 7.) Plaintiff has also collected approximately $100,000 from accounts in the credit card portfolio. (*Id.*) Thus, along with the $235,000 paid in settlement by the Collins defendants and the Fourscore defendants, plaintiff has already collected $435,000.

A settlement in a case with multiple defendants should be a rough approximation of each defendant's liability. Regan Roofing Co., Inc. v. Superior Court, 21 Cal. App. 4th 1685 (1994). Here, the Collins defendants and the Fourscore defendants have presented evidence that their liability is relatively small, and yet they have paid in settlement approximately one-third of purchase price of the credit card portfolio. Such a settlement seems reasonable, a rough approximation of the settling defendants' liability, and thus in good faith. This is especially true as a settling defendant usually should pay less than if it were found liable at trial. Tech Built, 38 Cal.3d at 499.

The settling defendants have also made the required factual showing. Substantial evidence showing the nature and extent of the settling defendants' liability is required in a motion to determine good faith of settlement. Mattco Forge, Inc. v. Arthur Young & Co., 38 Cal. App. 4th 1337, 1348 (1995). The Collins and Fourscore defendants have included declarations and loan documentation which support their allegation that the settlement is roughly proportional and in good faith, thus satisfying this requirement.

### Conclusion

The settling defendants have produced substantial evidence to show the settlement is roughly proportional to their liability, and no opposition has been filed by the plaintiff or by defaulting defendants Ameriwest and Evans. Therefore, the court grants the motions of the Collins defendants and the Fourscore defendants to determine the settlement is in good faith.

IT IS SO ORDERED.

DATED: 1-8-99

MARILYN L. HUFF, CHIEF JUDGE
UNITED STATES DISTRICT COURT

COPIES TO:

BRUCE ALTSCHULDT
JOHN P GARCIA
SHAFRON, ALTSCHULT & KAMMER
16255 VENTURA BLVD, PENTHOUSE SUITE
ENCINO, CA 91436-2363

GEORGE A. FOSTER
FOSTER & WALSH
7777 ALVARADO ROAD, SUITE 410
LA MESA, CA 91941

PAUL C. NYQUIST
KEVIN W. KIRSCH
OPPENHEIMER WOLFF & DONNELLY
500 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660

JEROME A. MARANOWSKI
MARCUS A. MOLLISON
OPPENHEIMER WOLFF & DONNELLY
3400 PLAZA VII BUILDING
45 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

TIMOTHY H. TREADWELL
TREADWELL MARR AND SCHOTT
401 WEST A STREET, SUITE 2100
SAN DIEGO, CA 92101

AMERIWEST ENTERPRISES, INC.
93 NORTHRIDGE TERRACE, #50
MEDFORD, OR 97501

WILLIAM M. EVANS
FPC AT SHERIDAN
REGISTRAR NUMBER 08085062
PO BOX 6000
SHERIDAN, OR 97378